UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-316-MOC-WCM

ROBERT V. WILKIE,

        Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC,

        Defendant.

**ORDER**

**THIS MATTER** comes before the Court on a Motion to Dismiss filed by Defendant Nationstar Mortgage, LLC, (Doc. No. 15). Defendant seeks dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

### A. State Court Foreclosure on Plaintiff's Property

This is Plaintiff's second action against Defendant in this Court, seeking relief from a September 2018 foreclosure sale on certain real property in Valdese, North Carolina. The underlying facts leading to both lawsuits are as follows:

On February 23, 2006, Plaintiff's deceased spouse Judith S. Wilkie executed a deed of trust in favor of Access National Mortgage, securing repayment of a note in the amount of $100,779.00 ("Note"). See (Doc. No. 15-2). The Deed of Trust relates to real property in Valdese, North Carolina. Id. After Judith passed away, Plaintiff became the executor of Judith's estate and deeded the property to himself. See (Doc. No. 15-3). Plaintiff also assumed the note and Deed of Trust pursuant to a loan assumption agreement recorded on October 2, 2017. See (Doc. No. 15-4). Due to a default on the mortgage loan, Trustee Services of Carolina, LLC, the

1

appointed substitute trustee under the Deed of Trust, served a foreclosure hearing notice on Plaintiff on July 10, 2018. See (Doc. No. 15-5). The substitute trustee identified Defendant Nationstar as the current holder of the note and set a hearing in front of the Clerk of Court for Burke County, North Carolina for August 14, 2018. (Id.). The foreclosure hearing went forward on August 14, 2018, and, after the hearing, the Clerk entered an Order to Allow Foreclosure on the same day. (Doc. No. 15-6).

More than two months later, Plaintiff attempted to appeal this Order on October 19, 2018; however, the appeal was outside of the ten-day time period prescribed under N.C. GEN. STAT. § 45-21.16(d1). See (Doc. No. 15-7). Moreover, the foreclosure sale had already occurred on September 7, 2018. Accordingly, the Burke County Superior Court dismissed the appeal. See (Doc. No. 15-8).

**B. Plaintiff's Two Lawsuits in this Court Following the State Court Foreclosure**

Plaintiff filed his first action in this Court on February 15, 2019, and he filed an Amended Complaint on May 6, 2019, asserting that Defendant wrongfully foreclosed on Plaintiff's home mortgage loan. See Wilkie v. Nationstar Mortgage LLC d/b/a Mr. Cooper Mortgage LLC, Doc. No. 12, Case No. 1:19-cv-52-MR-WCM ("Wilkie I). In Wilkie I, Plaintiff asserted claims for fraud, breach of contract, and dual tracking in violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"). Id. The Court dismissed Wilkie I on October 8, 2019, based on the Rooker-Feldman doctrine.[1] See Wilkie I, Doc. No. 1:19cv52, 2019 WL 5021277, at *5 (Oct. 8, 2019). Plaintiff appealed to the Fourth Circuit Court of Appeals, and his appeal is pending. See Wilkie v. Nationstar Mortgage, LLC, 4th Cir. COA No. 19-2171.

---

[1] Under the Rooker-Feldman doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam).

Plaintiff filed this action on November 4, 2019.  The original Complaint asserted two claims for negligent infliction of emotional distress and a violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. GEN. STAT. § 75-1.1 et. seq.  The Amended Complaint also asserts a claim for a violation of UDTPA but, instead of negligent infliction of emotional distress, Plaintiff now brings claims for fraud and negligence.

In support of his fraud claim, Plaintiff alleges that Defendant falsely represented to him that the foreclosure hearing noticed for August 14, 2018, had been "abated" and would be rescheduled.  (Doc. No. 13 at ¶¶ 1, 2: Am. Compl.).  Plaintiff contends that, based on this representation, he did not attend the foreclosure hearing at which he would have presented evidence that he was in loss mitigation.  (Id. at ¶ 4).  Plaintiff claims the Clerk would have denied the foreclosure petition based on his evidence.  (Id.).  Plaintiff alleges that Defendant's misrepresentation caused him to suffer $212,000.00 in unspecified damages.  (Id. at ¶ 8).  Plaintiff seeks punitive damages in the amount of $255,000.00.  (Id. at ¶ 9).

Plaintiff's negligence claim is based on Defendant's alleged violation of Regulation X of RESPA.  Specifically, Plaintiff alleges that Defendant failed to apply Plaintiff's mortgage payments to the account and held them in suspense.  (Id. at 4, ¶ 1 & 5, ¶ 4).  Additionally, Plaintiff alleges that Defendant commenced foreclosure proceedings before the 120th day of delinquency on Plaintiff's account in violation of 12 C.F.R. § 1024.41(f).  (Id. at 5, ¶¶ 4-6).  Plaintiff also alleges that he submitted a loan modification application to Defendant more than 37 days before the foreclosure sale.  (Id. at 7, ¶ 3).  Plaintiff alleges that Defendant owed him a duty of care and that it breached that duty of care by the foregoing conduct.  (Id. at 8, ¶¶ 6-7).  The result, Plaintiff alleges, was an "illegal" foreclosure causing him $212,000 in damages based on the alleged market value of the property.  (Id. at 8, ¶ 8).

Finally, Plaintiff's UDTPA claim is based on Defendant's alleged misrepresentation regarding the date of the foreclosure hearing to allegedly induce him not to appear at the hearing. (Id. at 10, ¶ 2). Plaintiff seeks treble damages in the amount of $636,000.00.

## II.    STANDARD OF REVIEW AND DISCUSSION

Under Rule 12(b)(1), the defendant may file a motion to dismiss based on a lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Where a defendant files such motion, the plaintiff bears the burden to prove that subject matter jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Additionally, a motion to dismiss for lack of subject matter jurisdiction may be brought on the grounds that the complaint fails to allege sufficient facts to invoke the court's jurisdiction and, when made on those grounds, all the facts asserted in the complaint are presumed to be true. Id.

Plaintiff's Complaint is barred, in its entirety, by the doctrine of res judicata. Like the original Complaint, Plaintiff's Amended Complaint asserts claims that have previously been adjudicated by this Court in Wilkie I, Plaintiff's previous action against Defendant, or that could have been brought in that action. "The doctrine of res judicata encompasses both the concept of claim preclusion and issue preclusion, or collateral estoppel." Everett v. NAACP, No. 1:10cv828, 2011 WL 887750, at **3-4 (M.D.N.C. Mar. 14, 2011) (adopted and dismissed by Everett v. NAACP, 2011 WL 4043790 (M.D.N.C. Sept. 12, 2011)). Res judicata "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such party of any legal theory, cause of action or defense which could have been asserted in that action." Ohio Valley Envtl. Coal v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009).

The three elements for res judicata or claim preclusion include: (1) a judgment on the

merits in the prior suit; (2) resolving claims by the same parties; and (3) a subsequent suit based on the same cause of action. In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996); see also Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003); Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990); Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981); Robinson v. Affinia Group, Inc., No. 3:10-cv-398-W, 2011 WL 650535, at *3 (W.D.N.C. Feb. 10, 2011). The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment. Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999); Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir. 1984). "[T]he doctrine of res judicata not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." Pueschel v. United States, 369 F.3d 345, 355-56 (4th Cir. 2004).

In Wilkie I, Plaintiff alleged that (1) he was not in default at the time of the foreclosure hearing because Defendant failed to properly apply funds in his suspense account; (2) he submitted a loan modification application and Defendant falsely told him the foreclosure had been "abated," when in fact, it had not; (3) Defendant violated RESPA by pursuing foreclosure while he had a pending loan modification application; and (4) Defendant breached a duty of care owed to him. See (Wilkie I, Doc. No. 12). The Court's dismissal of Wilkie I and entry of judgment was on the merits of that case. See (Wilkie I, Doc. Nos. 39, 40). Wilkie I and the pending action involved the same parties and arose from the exact same transaction or circumstances—the foreclosure of the property. Moreover, Plaintiff asserts the same unsupported theories in this case that he raised in Wilkie I—specifically, that (1) he was not in default by virtue of the suspense funds; (2) Defendant falsely told him the foreclosure hearing

5

had been abated; and (3) Defendant violated RESPA by proceeding with foreclosure while he had a pending loan modification application. Accordingly, Plaintiff's current action is barred by res judicata.[2] For this reason, the Court will grant Defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Dismiss, (Doc. No. 15), is **GRANTED**.

(2) This action is dismissed with prejudice.

Signed: April 3, 2020

Max O. Cogburn Jr.
United States District Judge

---

[2] Because the Court finds that Plaintiff's action is barred by res judicata, the Court does not address Defendant's argument that Plaintiff's claims also fail under Rule 12(b)(6). The Court notes that it agrees with Defendant that, like Wilkie I, this action is also barred by the Rooker-Feldman doctrine and dismissal is appropriate on that basis as well.